IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG D. GLOVER,<br>   *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-20-CV-01337-XR |
| LOUIS DEJOY, U.S. POSTAL SERVICE,<br>   *Defendant* | §<br>§<br>§<br>§ | |

## ORDER

On this day, the Court considered Defendant's Partial Motion to Dismiss Plaintiff's Complaint, ECF No. 13. After careful consideration, the Court issues the following Order.

## BACKGROUND

This case arises out of Defendant's alleged violation of Plaintiff's rights under 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff Craig D. Glover alleges that the United States Postal Service ("USPS") is his employer of over 30 years. ECF No. 1 at 3. Plaintiff asserts that USPS violated his rights under Title VII by denying him opportunities for overtime work, suspending him, and otherwise harming him based on his race, color, and previous contact with the Equal Employment Office ("EEO"). ECF No. 1 at 6–9.

On November 16, 2020, Plaintiff filed his initial complaint against USPS. ECF No. 1. On May 18, 2021 Defendant filed a Partial Motion to Dismiss. ECF No. 13. Defendant moved to dismiss Plaintiff's claims related to Defendant changing his shift schedule and denying him overtime work in 2016. ECF No. 13 at 4. The Local Rules of the Western District of Texas allow 14 days to respond to a Motion to Dismiss. W.D. Tex. Civ. R. 7(e). Plaintiff did not respond.

**DISCUSSION**

**I.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 US at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.   Analysis**

   **a.   Plaintiff's 2016 Schedule Change Claim**

Defendant asserts that Plaintiff's claim regarding the change in his shift time should be dismissed because Plaintiff did not raise this claim to the EEO within 45 days. ECF No. 13 at 3. Plaintiff alleges he became aware that his employer was changing his shift time on July 11, 2016. ECF No. 1 at 5. Plaintiff's altered shift time became effective July 23, 2016. *Id.* However, Plaintiff did not bring a discrimination complaint to the EEO regarding the scheduling change until September 10, 2016.

Federal employees must exhaust available administrative remedies before bringing an employment-discrimination action in federal court. *Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009) (citing *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990)). "Aggrieved persons who believe they have been discriminated against on the basis of race . . . must initiate contact with a Counselor . . . in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "'Failure to notify the EEO counselor in a timely fashion may bar the employee's claim.'" *Yee*, 325 F. App'x at 378 (quoting *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992)). The time limit for contacting the EEO begins when the discriminatory action

occurs, not when the plaintiff realizes the action was motivated by discriminatory motives. *Pacheco*, 966 F.2d at 906.

Although a federal employee generally must exhaust all remedies and contact the EEO within 45 days of an alleged discriminatory action before suing an employer in federal court:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contracting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 U.S.C. § 1614.105(a)(2). Thus, plaintiffs may assert a valid defense of ignorance or inability to comply due to circumstances out of their control as an excuse for their failure to comply with the 45-day time limit to contact the EEO. However, Glover does not allege that he was unaware of or unable to comply with the 45-day time limit to contact the EEO. Accordingly, he does not "provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio*, 995 F. Supp. 2d at 602.

In addition to the defenses of waiver and estoppel, the 45-day time limit to contact the EEO is also subject to the defense of equitable tolling. *Pacheco*, 966 F.2d at 906 (citations omitted). "Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) (quotation marks and citation omitted). Equitable tolling is appropriate when a plaintiff exercises due diligence but is unable to discover information essential to his or her claim. *Pacheco*, 966 F.2d at 906–07 (citations omitted). While it is expected that some relevant facts will be discovered after an allegedly discriminatory event, the doctrine of equitable tolling "does not permit plaintiffs to suspend the

time for filing discrimination complaints indefinitely when they discover instances of disparate treatment of other employees months or years after their [disparate treatment]." *Id.* at 907.

Although Plaintiff's shift schedule change became effective on July 23, 2016, Plaintiff asserts he "became aware that the others similarly situated were not issued such a notice of change of the respective time" on August 5, 2016. ECF No. 1 at 5. "If the complaint is not timely filed, the plaintiff has the burden of demonstrating a factual basis to toll the period." *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988) (citing *Taylor v. Gen. Tel. Co.*, 759 F.2d 437, 442 (5th Cir. 1985)). Plaintiff does not assert any facts regarding his due diligence in discovering information essential to his claim in a timely manner. Thus, Plaintiff's complaint that the 2016 change to his schedule was in violation of Title VII does not permit an inference of a basis for equitable tolling of the 45-day time limit to report the claim to the EEO.

Plaintiff does not assert any facts that directly or indirectly show an excuse of waiver, estoppel, or equitable tolling for his failure to report his 2016 schedule change to the EEO within the 45-day time limit. The Court finds that Plaintiff's claim that his 2016 schedule change violated his rights under Title VII should be dismissed because it does not contain "direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery." *Torch*, 561 F.3d at 384.

  **b.  Plaintiff's Other 2016 Denial of Overtime Claims**

Defendant asserts that "Plaintiff does not allege when, if ever, he brought his allegation to the EEO of discrimination based on the overtime list not being rotated from July 23, 2016 to August 5, 2016." ECF No. 13 at 4. Defendant also asserts that Plaintiff did not show contact with the EEO regarding not being brought in to work overtime on August 12, 2016. *Id.* The Court disagrees.

In his initial complaint, Plaintiff asserts he filed an informal EEO complaint on September 10, 2016 alleging:

> (1) Management have allowed PSE['s (Postal Support Employees)] to work overtime in a service day, but not me when I was available before and after [my] tour. (2) Management has allowed PSE['s] to work overtime in my scheduled days-off when I was available…. I am on the voluntary overtime desired list… (3) Management has allowed non-desired overtime employee[s] to work overtime but not me. (4) Management has not rotated schedule day-off overtime allowing the same employees to report on overtime.

ECF No. 1 at 11–12. Factual allegations from a plaintiff's complaint must be taken as true when considering a Rule 12(b)(6) motion to dismiss. *Fernandez-Montes*, 987 F.2d at 284. Taken as true, this assertion directly shows Plaintiff has met his burden of contacting the EEO within 45-days of the allegedly discriminatory acts. Therefore, Plaintiff's Title VII claims related to the denial of overtime work on August 12, 2016 and the lack of overtime schedule rotation from July 23, 2016 to August 5, 2016 should not be dismissed on the basis that Plaintiff failed to allege a date of EEO first contact.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (ECF No. 13) is **GRANTED** as to Plaintiff's Schedule Changing Claims and **DENIED** as to Plaintiff's Denial of Overtime Claims.

It is so **ORDERED**.

**SIGNED** this 11th day of June, 2021.

_____
Xavier Rodriguez
United States District Judge